UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLARENCE SMITH, | : | |
| Plaintiff, | : | |
| vs. | : | No.  3:14cv1752(WIG) |
| CAROLYN COLVIN,<br>Acting Commissioner of<br>Social Security, | :<br><br>: | |
| Defendant. | : | |
| -------------------------------------------------------X | | |

## RULING ON PLAINTIFF'S MOTION TO CORRECT THE RECORD

On March 23, 2015, Plaintiff filed a motion to correct the administrative record [Doc. # 15] to add two documents which Plaintiff maintains should have been included in the record filed by Defendant with the answer.  Defendant responds that because the two documents Plaintiff seeks to add relate to individuals other than Plaintiff, they are not relevant and were rightly excluded from the administrative record.

Sentence three of 42 U.S.C. § 405(g) provides that the Commissioner "shall file a certified copy of the transcript of the record *including the evidence upon which the findings and decision complained of are based.*" (Emphasis added).  Thus, the issue before the Court is whether the record filed by the Commissioner contains all of the evidence upon with the findings and decision complained of are based.  In this case, the decision of the Appeals Council, which affirmed the decision of the ALJ, was the final decision of the Commissioner and, thus, the Court must determine if the record contains all of the evidence that was before the Appeals Council.

1

Plaintiff asserts that the two documents at issue – an Appeals Council decision relating to another claimant, and a document containing information about the drug Percocet[1] – were attached to the brief he filed with the Appeals Council.  Defendant does not dispute this point.  Because these documents were before the agency, they must be included in the administrative record.  *See West v. Colvin*, No. 14cv852(TPS) (D. Conn. Nov. 12, 2014), ECF No. 18 (granting a motion to amend the record to include documents which were before the administrative law judge and therefore were part of the administrative record).  These documents shall be given "whatever weight, if any, they deserve."  *Id.*

Accordingly, the Court grants Plaintiff's motion to amend the record [Doc. # 15].  The Court will include as part of the administrative record the two documents attached to Plaintiff's motion.

SO ORDERED, this  26th  day of March, 2015, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge

---

[1] Any identifying information related to other claimants has been redacted from the two documents Plaintiff seeks to have included in the record.